Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| | | |
|---|---|---|
| JOSÉ MIGUEL PÉREZ VILLANUEVA<br><br>PETICIONARIO<br><br>V.<br><br>PABLO ROLDÁN CORDERO<br><br>RECURRIDO | TA2026CE00603 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Aguada<br><br>Civil Núm.: AU2025CV00628<br><br>Sobre: Incumplimiento de Contrato, Cobro de Dinero y Daños |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz, y la juez Aldebol Mora

**Brignoni Mártir, Juez Ponente**

### RESOLUCIÓN

En San Juan, Puerto Rico, a 28 de mayo de 2026.

Comparece ante nos, por derecho propio, el licenciado José Miguel Pérez Villanueva (en adelante, "el peticionario"). Solicita nuestra intervención para que dejemos sin efecto la *"Resolución Interlocutoria"* emitida y notificada el 19 de marzo de 2026. Mediante esta, el foro primario no autorizó que el peticionario sea el abogado que tome la deposición del señor Pablo Roldán Cordero (en lo sucesivo "el recurrido"). En su lugar, el referido tribunal determinó que dicha deposición debe ser tomada por la corepresentación legal del peticionario.

Por los fundamentos que expondremos a continuación, *denegamos* la expedición del auto de *certiorari* presentado.

A continuación, exponemos una síntesis del tracto procesal pertinente al asunto ante nuestra consideración.

**I.**

El 21 de octubre de 2025, el peticionario, por conducto de su representante legal, presentó la *"Demanda"* de epígrafe. Mediante esta,

solicitó que se le ordene al recurrido satisfacer las cuantías que aducidamente le adeuda en concepto de honorarios de abogado. En su reclamación también solicitó una indemnización en daños por sufrimientos y angustias mentales.

En respuesta, el 4 de diciembre de 2025, el recurrido presentó *"Contestación a Demanda y Reconvención."* En lo atinente a la alegación responsiva, negó adeudar las cuantías expuestas en la *"Demanda"* e indicó que el peticionario le debe dinero "por servicios ofrecidos."

Así las cosas, el 19 de marzo de 2026, el peticionario presentó *"Moción Asumiendo Corepresentación Legal."* A través de esta, solicitó autorización para unirse a su representante legal en el manejo jurídico del presente litigio.

En la misma fecha, el foro primario notificó la "*Resolución Interlocutoria"* que hoy se nos solicita revisar. Mediante la misma, el tribunal recurrido aceptó que el peticionario forme parte de la representación legal de su causa de acción. De otra parte, dicho foro comunicó que había sido informado del interés del peticionario de tomar la deposición del recurrido como el abogado principal. Sobre lo anterior, concluyó no autorizar al peticionario a tomar la deposición del recurrido. El referido tribunal fundamentó su denegatoria a tenor de las siguientes expresiones:

> Evaluando la totalidad de las circunstancias, las preocupaciones informadas en la comunicación del 19 de marzo de 2026 por llamada teléfonica [sic] entre los abogados, y a la luz de los criterios rectores, se decide que la deposición del demandado sea tomada por la corepresentación legal de la parte demandante el licenciado Velez Collazo. Al determinar que la deposición a la parte demandada no la tome el licenciado Perez Villanueva es para mantener el orden procesal en esta etapa de los proceso[s]. Nuestro norte es evitar, hasta la apariencia, que se convierta el caso en una dis[p]uta personalista ajenas [sic] a la controversia legal.

En desacuerdo, el 24 de marzo de 2026, el peticionario presentó oportunamente una moción de *"Reconsideración."* En suma, se opuso a la denegatoria notificada por el foro recurrido y arguyó que tiene derecho a descubrir prueba como lo es la toma de deposiciones y envío de interrogatorios. Entiende, que el referido derecho no debe limitarse dado que se desempeña como abogado de su causa de acción.

Por su parte, el 6 de abril de 2026, el recurrido presentó "*Oposición a Reconsideración.*" En esencia, razonó que el foro primario no se opuso a la realización de la deposición, sino que se limitó a regular su procedimiento lo que se encuentra bajo su criterio discrecional.

Luego de evaluar los escritos presentados, el 17 de abril de 2026, el foro primario notificó una nueva *"Resolución Interlocutoria."* Mediante esta, declaró *No Ha Lugar* la *"Reconsideración,"* presentada por el peticionario.

Aun en desacuerdo, el 13 de mayo de 2026, el peticionario compareció ante este Tribunal a través de un recurso de *certiorari.* Mediante este, esbozó el siguiente señalamiento de error:

> Erró el TPI al concluir que la Deposición al Sr. Roldan Cordero tenía que ser tomada, exclusivamente por el Lcdo. Vélez Collazo y no por el propio demandante, quien a su vez se auto representa.

Al amparo de la Regla 7B(5) del Reglamento del Tribunal de Apelaciones, prescindimos de solicitar la comparecencia del recurrido. Véase, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 13-15, 215 DPR ___ (2025).

**II.**

**I.        Recurso de Certiorari:**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. *Alio v. Santiago Chardón y otros*, 2026 TSPR 113; *Rivera et al v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Orthopedics Prod. Of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); Art. 670 del Código de Enjuiciamiento Civil de 1933, conocido como Ley de Recursos Extraordinarios, 32 LPRA sec. 3491. La característica distintiva del *certiorari* "se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *Íd.* Ahora bien, el ejercicio de esta discreción no es absoluto. Por ello, la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece una serie de instancias en las que los foros apelativos pueden ejercer su facultad revisora:

El recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

La Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 62-63, 215 DPR ____ (2025), delimita los criterios para la expedición de un auto de *certiorari.* Así pues, estas consideraciones "orientan la función del tribunal apelativo intermedio para ejercer sabiamente su facultad discrecional". *Rivera et al v. Arcos Dorados et al*, supra. La aludida regla permite que el análisis del foro apelativo intermedio no se efectúe en el vacío ni se aparte de otros parámetros al momento de considerar los asuntos planteados. *BPPR v. SLG Gómez-López*, 213 DPR 314, 337 (2023); *Rivera et al v. Arcos Dorados et al*, supra; *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 848 (2023); *800 Ponce de León v. American International*, 205 DPR 163, 176 (2020). De conformidad con lo anterior, la Regla 40, *supra*, dispone los siguientes criterios:

**A.** Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

**B.** Si la situación de hechos planteada es la más indicada para el análisis del problema.

**C.** Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

**D.** Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

**E.** Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

**F.** Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

**G.** Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los foros revisores no debemos intervenir en las determinaciones de hechos del tribunal de instancia, "salvo que se pruebe que dicho foro actuó con prejuicio o parcialidad o incurrió en craso abuso de discreción o en error manifiesto." *Citibank v. ACBI*, 200 DPR 724, 736 (2018). Esta norma permite que el foro primario actúe conforme a su discreción judicial, que es la facultad que tiene "para resolver de una forma u otra, o de escoger entre varios cursos de acción". Id. pág. 735; *Graciani Rodríguez v. Garage Isla Verde*, LLC, 202 DPR 117, 132 (2019). El ejercicio esta discreción "está inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.; *Pueblo v. Hernández Villanueva*, 179 DPR 872, 890 (2010). Así pues, "la discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera". *Íd; Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016). No obstante, un tribunal incurre en abuso de discreción cuando ignora sin fundamento un hecho material, concede demasiado peso a un hecho inmaterial, y fundamenta su determinación en ese hecho irrelevante, o cuando a pesar de examinar todos los hechos del caso hace un análisis liviano y la determinación resulta irrazonable. *íd*. pág. 736. En esos casos, los foros apelativos ostentamos la facultad discrecional para expedir el recurso de *certiorari* y ejercer nuestra función revisora.

**III.**

De conformidad a lo expuesto, el peticionario recurre de una *"Resolución Interlocutoria"* a través de la cual el foro primario no le autorizó a tomar la deposición del recurrido.

Tras evaluar el expediente digital del caso, concluimos *denegar* la expedición del recurso de *certiorari* presentado por el peticionario. Esta denegatoria se realiza en virtud de la Regla 11(C) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA,* 2025 TSPR 42, pág. 20, 215 DPR ____ (2025). Cabe destacar, que conforme a las disposiciones de la precitada Regla esta Curia no tiene el deber compulsorio de fundamentar su denegatoria de expedición, aun así, a continuación, exponemos los fundamentos que nos llevan a ello.

Es sabido que el auto de *certiorari* se caracteriza por ser una solicitud de naturaleza discrecional. Siendo así, su expedición o denegatoria dependerá del sano discernimiento de este Tribunal según orientado por las disposiciones de la Regla 52.1 de Procedimiento Civil, *supra* y de la Regla 40 de nuestro Reglamento. Así pues, luego de examinar los requisitos contemplados en la precitada Regla 52.1, *supra,* razonamos que el auto discrecional presentado por el peticionario incumple con los elementos necesarios que viabilizan nuestra facultad de revisión. La razón de ello estriba en que, la determinación interlocutoria que se nos solicita revisar no trata sobre la denegatoria de una moción de carácter dispositivo ni sobre algún asunto contemplado en las Reglas 56 y 57 de Procedimiento Civil, 32 LPRA Ap. V, Reglas. 56.1-57.8. De igual modo, tampoco el peticionario recurre de una decisión interlocutoria concerniente a algunos de los asuntos excepcionales establecidos en la referida Regla 52.1, *supra.*

Aunque los anteriores fundamentos por si solos son suficientes para denegar la expedición solicitada, es menester señalar que los jueces del Tribunal de Primera Instancia tienen gran flexibilidad y discreción para el manejo y tramitación diaria de los asuntos judiciales expuestos ante sí. *BPPR v. SLG Gómez-López*, supra, pág. 333-334. El presente asunto no constituye una excepción a la referida facultad discrecional.

Ante las anteriores consideraciones, *denegamos* la expedición de presente auto de *certiorari.*

**IV.**

Por los fundamentos expuestos, *denegamos* la expedición del recurso de *certiorari* presentado.

**Notifíquese.**

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones